FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 05, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KIARRA F.,[1] <br><br>             Plaintiff, <br><br>    v. <br><br> FRANK BISIGNANO <br> COMMISSIONER OF SOCIAL <br> SECURITY, <br><br>             Defendant. | No.  1:25-CV-03122-RLP <br><br> ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision denying supplemental social security income under Title XVI of the Social Security Act. ECF No. 6. The Court considered the matter without oral argument. For the reasons discussed below, the Court concludes the ALJ erred in assessing Ms. F.'s symptom testimony, and remands the case for further proceedings

---

[1] Plaintiff's first name and last initial are used to protect her privacy.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 1

consistent with this opinion. Therefore, Ms. F.'s brief, ECF No. 6, is granted in part and denied in part, and the Commissioner's brief, ECF No. 11, is denied.

## BACKGROUND

Ms. F. was born in 1999. Tr. 26, 201. She has a high school education and no past relevant work. Tr. 26, 234.

On May 23, 2022, Ms. F. filed an application for benefits under Title XVI of the Social Security Act, alleging an onset date of January 1, 2020. Tr. 186-90, 201. Ms. F. alleged disability based on severe post-traumatic stress disorder (PTSD), anxiety, depression, attention-deficit hyperactivity disorder (ADHD), emotional and social behavioral disorder, and learning disability. Tr. 233. The application was denied initially and upon reconsideration. Tr. 54-62, 81-85, 87-90. Ms. F. thereafter filed a request for a hearing. Tr. 91-92. A telephonic hearing was held on April 22, 2024. Tr. 33-53.

On June 14, 2024, the ALJ issued an unfavorable decision. Tr. 14-32. The Appeals Council denied a request for review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 2

2012). If the evidence in the record "is susceptible to more than one rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a) (citation omitted).

Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing harm. *Shinseki v. Sanders*, 556 U.S. 396, 409-10, 129 S.Ct. 1696 (2009).

FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 3

other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, if the claimant is engaged in "substantial gainful activity," the Commissioner must find the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's residual functional capacity (RFC), which is the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 4

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If not, the analysis proceeds to step five and the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Ms. F. has not engaged in substantial gainful activity since May 23, 2022, the application date. Tr. 19. At step two, the ALJ found Ms. F. has the following severe impairments: PTSD, major depressive disorder (MDD), cannabis dependence (alternately diagnosed as marijuana abuse), and ADHD. Tr. 19-20.

At step three, the ALJ found Ms. F. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 20.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 5

With respect to the RFC, the ALJ found Ms. F. has the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> she can perform simple, routine tasks, and can tolerate occasional contact with the general public. She can tolerate frequent contact with coworkers and supervisors but cannot engage in tasks requiring teamwork or close collaboration with coworkers. She cannot engage in time sensitive tasks, such as assembly line work or work that involves timed production quotas. She can tolerate occasional changes to work routines and work processes. She requires regular work breaks at 2-hour intervals.

Tr. 22.

At step four, the ALJ found Ms. F. has no past relevant work. Tr. 26. At step five, the ALJ found Ms. F. capable of performing jobs that exist in significant numbers in the national economy, specifically as a janitor, laundry worker, and industrial cleaner. Tr. 26-27. Based on these adverse findings, the ALJ determined Ms. F. has not been under a disability, as defined in the Social Security Act, since May 23, 2022, the application date. Tr. 27.

## ANALYSIS

Ms. F.'s assignments of error pertain to the ALJ's denial based partly on marijuana use, as well as the ALJ's assessment of her own symptom testimony and the medical opinions. These appear to pertain to the ALJ's analysis of Ms. F.'s RFC. The Court concludes the ALJ committed reversible error regarding Ms. F.'s

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 6

symptom testimony, requiring further administrative proceedings. Ms. F.'s arguments are addressed in turn.

### A. Marijuana Use

Ms. F. contends the ALJ erred by basing the denial in part on her marijuana use, as the ALJ indicated abnormal findings were linked to marijuana use.[2] ECF No. 6 at 3; ECF No. 12 at 2-3; citing Tr. 23. She argues that if the ALJ's intention was to find marijuana material to disability, it was inappropriate to do so in the absence of a full five-step analysis finding marijuana use resulted in disabling limitations. ECF No. 6 at 4; *see* 20 C.F.R. § 416.935; *see also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001) ("If, and only if, the ALJ found that Bustamante was disabled under the five-step-inquiry, should the ALJ have evaluated whether Bustamante would still be disabled if he stopped using alcohol.").

The Court disagrees the ALJ was required to utilize a marijuana-specific five-step analysis in Ms. F's case. As recognized by the parties, the Social Security Act bars payment of benefits when drug addiction and alcoholism (DAA) is a contributing factor material to a disability claim. 42 U.S.C. § 423(d)(2)(C); *Bustamante*, 262 F.3d 949. If a social security claimant succeeds in proving disability, but there is also evidence of an underlying substance abuse disorder, the

---

[2] Ms. F. brings this argument under the discussion of symptom testimony. ECF No. 6 at 3-5.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 7

ALJ must perform a second five-step analysis to assess whether the claimant would still be disabled in the absence of drug or alcohol use. *See* 20 C.F.R. § 416.935; SSR 13-2p at ¶ 8(b)(i) (Feb. 20, 2013), available at 2013 WL 621536; *Bustamante*, 262 F.3d at 955. However, if the claimant does not establish disability, no second step is required. *Bustamante*, 262 F.3d at 955. Here, Ms. F. never established a disability. Thus, further analysis was not required.

### B. Symptom Testimony

Ms. F. contends the ALJ improperly rejected her testimony concerning the severity of her symptoms. Ms. F. appears to claim that if the ALJ did not improperly reject her testimony, she would have been assessed greater RFC limitations, which in turn would have rendered her incapable of performing work available in significant numbers in the national economy at step five.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks and citation omitted). Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014)

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 8

(citations omitted). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. § 416.929(c). The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

Here, the ALJ found that there was objective medical evidence of an underlying impairment which could reasonably be expected to produce Ms. F.'s alleged symptoms, but that Ms. F.'s statements concerning the intensity, persistence, and limiting effects of her symptoms were inconsistent with the

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 9

record. Tr. 23. The Commissioner asserts the ALJ reasonably discounted Ms. F.'s statements because they were inconsistent with her: (1) activity level; (2) history of treatment and medication; and (3) medical record. ECF No. 11 at 2-3. Each proffered justification is addressed in turn.

1.  Activities of Daily Living

The ALJ determined Ms. F.'s daily activities are not entirely consistent with her allegations of disability. Tr. 23. The ALJ considered the activities Ms. F. reported on her Function Report in December 2022, including taking care of her uncle and household pets, preparing full meals with her sister, doing household chores if asked and reminded, shopping in stores for 30 minutes to an hour at a time, watching television, listening to music, researching nutrition, and spending time with others in person. Tr. 23, 244-52. The ALJ also noted Ms. F. reported she could count change, handle a savings account, pay attention for 15 to 30 minutes at a time, follow written instructions well, and get along with authority figures. *Id*.

The ALJ's assessment of Ms. F's reported activities was flawed because it failed to acknowledge Ms. F. qualified many of her activities as impacted by her impairments. For example, Ms. F. stated her sister helps remind her to take care of the household pets, Tr. 245, she cannot go out alone because she often forgets what she is doing or where they parked, she gets confused, overwhelmed, turned around, and eventually shuts down, and she only goes outside one to four times a month, Tr. 247. She also reported she does not drive because she does not know how and

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 10

it is stressful. Tr. 247. In the Function Report, Ms. F. listed her hobbies as watching tv and smoking weed with family and a friend, and when describing the kinds of things she does with others, Ms. F. reported she "smoke[s] in person, make phone appointments (does not go smoothly)." Tr. 247-48. She reported she does not like to go places alone and she "can[']t be social with people" that she does not know or people her age. Tr. 248. While the ALJ noted Ms. F. helps her uncle, she reported on her Function Report she only helps him "by doing massages on his back & legs, etc." Tr. 23, 245.

The ALJ did not explain how Ms. F.'s activities are inconsistent with her allegations of poor time management, lack of motivation, sleep disturbance, flashbacks, shaking, self-isolating behavior, difficulty breathing, panic attacks, feeling overwhelmed, poor stress tolerance, and difficulties with talking, memory, completing tasks, concentrating, understanding, following instructions, and getting along with others. Tr. 23.

Given the foregoing gaps in the analysis, the ALJ's rejection of Ms. F.'s symptom testimony cannot be justified based on Ms. F's daily activities.

2. <u>Improvement with Treatment</u>

The ALJ found Ms. F.'s complaints inconsistent with evidence that her symptoms were responsive to treatment. Tr. 23. While this is a valid consideration, Ms. F. argues the ALJ's analysis was flawed because it failed to account for her barriers to taking medications. The record shows Ms. F. has had significant

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 11

memory complaints, including needing reminders for medications (e.g., Tr. 245, 494), and she stopped certain medications if they were not helping (e.g., Tr. 889) or caused side effects (e.g., Tr. 766). Ms. F. notes her treatment plan also identified numerous barriers, including the inability to manage her own medications, low motivation, and limited support. Tr. 849. She also argues the ALJ failed to consider that the record shows providers found Ms. F. was initially not prescribed medications at all, in part due to concerns over her capacity to perform even basic self-care, and so might not be compliant or might misuse medications (Tr. 344). ECF No. 6 at 6.

The Court agrees with Ms. F's position. An ALJ may not reject symptom testimony due to failure to follow prescribed treatment without also considering possible reasons for non-compliance with treatment. *See* Social Security Ruling 16-3p, 2017 WL 5180304, at *9 (effective October 25, 2017). Here, the record does not show the ALJ complied with this directive. While the ALJ acknowledged Ms. F. told providers she sometimes forgot to take her medications, this was in the ALJ's discussion of the "paragraph B" criteria for evaluating mental impairments, and not in the context of evaluating her symptom testimony.[3] Tr. 20; citing, e.g. Tr.

---

[3] In evaluating mental limitations, ALJ's must assess an individual's mental limitations and restrictions in categories identified in the "paragraph B" and "paragraph C" criteria of the adult mental disorders listings. Social Security Ruling

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 12

457 (September 15, 2022: "was taking her meds, stated is helping, but she forgot to take her meds the last few day [sic] because her sister left"); Tr. 494 (January 18, 2023: "stated she forgot to take her pill for the last 6 day [sic], no one to remind her"); Tr. 510 (February 16, 2023: "stated she sometime [sic] forgot to take her med"); Tr. 566 (March 28, 2023: "She claims she has always had trouble remembering what to do such as eat or take care of her self [sic] and is unsure why."); Tr. 878 (April 4, 2024: "states she forgot her appt").

The ALJ's analysis largely overlooks or minimizes any reference to reasons why Ms. F. may have not been compliant with her medications. The Court cannot sustain the ALJ's rejection of Ms. F.'s symptom testimony based on improvement with treatment.

3. Inconsistent with Medical Record

The ALJ discounted Ms. F.'s testimony as inconsistent with the objective medical evidence. In doing so, the ALJ cited examples from the record to support his determination that the RFC sufficiently accounts for Ms. F.'s mental impairments. Tr. 23-24.

---

96-8p, 1996 WL 374184, at *4 (effective July 2, 1996). "The adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." *Id*.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 13

The ALJ's discussion of the objective medical evidence was reasonable; however, an ALJ may not discredit a claimant's pain testimony and deny benefits *solely* because the degree of pain alleged is not supported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991). Given the record, the ALJ's decision does not provide sufficient reasons for rejecting Ms. F.'s symptom testimony. This matter must be remanded for reconsideration and new findings.

## C. Medical Opinions

Ms. F. contends the ALJ improperly analyzed the medical opinions of Dr. Thomas Genthe, Dr. Luci Carstens, Dr. David Morgan, Dr. Steven Haney, and Dr. Matthew C. ECF No. 6 at 15-21. Specifically, Ms. F. asserts the ALJ erred by not properly addressing the supportability and consistency factors when assessing the persuasiveness of Dr. Genthe's 2020 medical opinion, Dr. Carsten's 2020 medical opinion, Dr. Morgan's 2023 medical opinion, and the medical opinions of the state agency psychological consultants. This criticism appears to be directed at the ALJ's assessment of Ms. F.'s residual functional capacity.

The regulations provide an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c, 416.920c. Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and prior administrative findings, and therefore the ALJ is required to explain how both

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 14

factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may, but is not required, to explain how other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *see* 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Here, the ALJ rejected Dr. Genthe's 2020 medical opinion, Dr. Carsten's 2020 medical opinion, and Dr. Morgan's 2023 medical opinion as poorly supported and inconsistent with much of the other evidence of record. Tr. 25-26. The ALJ found the medical opinions of the state agency psychological consultants to be "mostly persuasive[,]" but determined Ms. F. to be slightly more limited than the opinions of Drs. Haney and C. Tr. 24.

Because this matter is remanded for additional proceedings on other grounds, the ALJ shall reevaluate all medical opinion testimony as part of a new sequential evaluation. On remand, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c, 416.920c. The ALJ's analysis of all medical opinion testimony shall include an assessment of consistency and supportability. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 15

Accordingly,

1.    Ms. F.'s Brief, **ECF No. 6**, is **GRANTED** in part and **DENIED** in part.

2.    Defendant's Brief, **ECF No. 11**, is **DENIED**.

3.    This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Ms. F. and the file shall be **CLOSED**.

**DATED** March 5, 2026.

_____
REBECCA L. PENNELL
United States District Judge

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 16